**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                        :
AMBULATORY ANESTHESIA OF                :
NEW JERSEY, P.A.,                       :
                                        :
            Plaintiff,                  :        Civil Action No. 04-4725 (JAP)
                                        :
      v.                                :
                                        :        **OPINION**
MICHAEL O. LEAVITT, in his official capacity :
as SECRETARY OF THE UNITED STATES       :
DEPT. OF HEALTH AND HUMAN SERVICES      :
                                        :
            Defendant.                  :
_____:

PISANO, District Judge.

On February 27, 2007, this Court issued an Opinion and Order affirming the decision of

the Secretary of the Department of Health and Human Services ("Secretary") which found that

Plaintiff Ambulatory Anesthesia of New Jersey, P.A. ("Plaintiff" or "AANJ") received Medicare

overpayments and was not entitled to a waiver of such overpayments.  Plaintiff now moves for

partial reconsideration of that decision citing the need for the Court to correct a clear error of law

or fact and to prevent manifest injustice.  For the reasons expressed below, the Court denies

AANJ's Motion for Reconsideration.

## I.  BACKGROUND[1]

This action involves claims for anesthesia services under Part B of the Medicare program,

a voluntary supplemental insurance program covering certain outpatient services, including

---

[1] For a full summary of the relevant facts, _see Ambulatory Anesthesia of N.J., P.A. v. Leavitt_, No. 04-4725, 2007 WL 655599 (D.N.J. Feb. 27, 2007).

physician services.  *See* 42 U.S.C. §§ 1395j, 1395w-4.  At all times relevant to this matter, AANJ

was the business organization for Dr. Kenneth Zahl ("Dr. Zahl")'s pain management and

anesthesiology practice.  (Administrative Record ("AR") 00265 at ¶ 2).  As part of its practice,

AANJ provided anesthesia for patients undergoing cataract surgery in the Ridgedale Surgery

Center ("Ridgedale"), an ambulatory surgery center in Cedar Knolls, New Jersey.  (*Id.* at ¶¶ 2, 6).

In November 1999, the Medicare carrier responsible for processing AANJ's bills

determined that AANJ had been overpaid in the amount of $1372.39 due to improper billing for

concurrent/overlapping anesthesia services.  (AR 00376).  The carrier found that AANJ's billing

practice was "clearly improper because it suggests that [one anesthesiologist] was furnishing two

services at the same time."  (AR 00374).  Additionally, the carrier concluded that AANJ was

ineligible for a waiver of the overpayment under Section 1879 of the Medicare statute and that

the "without fault" provisions of Section 1870 of the statute did not apply to AANJ because it

failed to comply with the relevant laws, regulations, and Medicare reports.

After a Medicare Fair Hearing on May 22, 2001, Fair Hearing Officer ("FHO") Debra Jo

Eckert ("Eckert") upheld the overpayment and concluded that AANJ was not entitled to a

limitation of liability or waiver of repayment under either Section 1879 (42 U.S.C. § 13955pp) or

Section 1870 (42 U.S.C. § 1395ff) of the Medicare statute.  (AR 00395-462).  FHO Eckert found

that AANJ was not "without fault," but specifically declined to make any findings on whether

AANJ committed Medicare fraud.  (AR 00402).  Pursuant to an AANJ appeal request, an

Administrative Law Judge ("ALJ") of the Office of Hearings and Appeals of the Social Security

Administration reviewed the matter and concluded that "[t]he regulations do not permit the

billing of overlapping/concurrent anesthesia times" and "[t]he statute and regulations do not

2

provide for the waiver of appellant's overpayment," meaning AANJ was not without fault in receiving overpayments as a result of incorrect billing for overlapping/concurrent anesthesia times.  After the Medicare Appeals Council denied AANJ's request for further review, AANJ filed a Complaint before this Court, seeking review of the ALJ's decision.  In an Opinion and Order filed on February 27, 2007, this Court affirmed the ALJ's decision, finding it supported by substantial evidence.  Plaintiff now requests that the Court reconsider some portions of that Opinion and Order.

At the heart of Plaintiff's Complaint and the pending Motion for Reconsideration is an adverse ruling against Dr. Zahl in a medical license revocation proceeding.  As part of that ruling, the Office of Administrative Law ("OAL") concluded that Dr. Zahl's receipt of Medicare payments for overlapping anesthesia times "constitute[d] the use or employment of dishonesty, fraud, deception, misrepresentation, false promise or false pretense in violation of N.J.S.A. 45:1-21(b) and professional misconduct in violation of N.J.S.A. 45:1-21(e)."  (AR 00177).  In reaching that conclusion, the OAL relied heavily on FHO Eckert's findings that Dr. Zahl improperly billed his Medicare carrier and that he was not "without fault" in doing so.  Plaintiff contends that the OAL erred in finding that Dr. Zahl's conduct constituted fraud and petitions this Court, in the context of a Motion for Reconsideration, to make certain findings that would correct this alleged error, or prevent the occurrence of a similar error in other states in which Dr. Zahl holds a license to practice medicine.

## II. DISCUSSION

### A. *Standard of Review*

A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). The third ground, which forms the basis of Plaintiff's motion, requires a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quotation omitted). The party seeking reconsideration bears a heavy burden and "must show more than mere disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Further, the moving party's burden requires more than a "recapitulation of the cases and arguments considered by the court before rendering its original decision." *Id.*

### B. *Analysis*

Plaintiff seeks reconsideration of the Court's earlier decision because, in Plaintiff's view, the Court failed to address whether AANJ should have been allowed to bill for its services as nerve blocks on a per procedure basis using CPT Codes in the 6000 series. Plaintiff's discussion of this issue, consisting of no more than three sentences in his reply brief, is the type of insufficient argument that generally does not warrant reconsideration. *See Rowles v. Automated Production Systems, Inc.*, 92 F. Supp. 2d 424, 432 (M.D. Pa. 2000). Further, this Court's Opinion, which mentioned Plaintiff's use of nerve block procedure codes, found that there was substantial evidence to support each finding in the Secretary's decision and Plaintiff has not cited

any new law or evidence that would alter the Court's decision.  Even assuming, however, that reconsideration is appropriate here, the record evidence clearly establishes that Plaintiff's use of nerve block procedure codes was improper.  Thus, the Court finds Plaintiff's argument to be wholly without merit.

Next, Plaintiff requests that the Court declare that a finding that a provider, like AANJ, is not "without fault" in receiving the overpayments and not entitled to waiver of liability under 42 U.S.C. § 1395gg or 42 U.S.C. § 1395pp(a) does not equate to a finding of fraud, falsity, dishonesty, deceptiveness, or misrepresentation.  This issue is one of critical importance, according to Plaintiff, because the New Jersey Board of Medical Examiners and the OAL relied upon this finding to support their conclusion that Dr. Zahl committed fraud.  Now, because of that finding, Dr. Zahl could face license revocation proceedings in the other states in which he is licensed to practice medicine.

Contrary to Plaintiff's suggestion, the Court grasps the significance of the finding that AANJ was not "without fault" and not entitled to a wavier of liability.  Although a finding that a provider is not "without fault" and not entitled to a waiver of liability under the statutory scheme does not necessarily represent a finding of fraud on the part of the provider, and neither the FHO nor the ALJ made a finding that AANJ or Dr. Zahl committed Medicare fraud, this Court is not authorized to review the OAL's determination that Dr. Zahl committed fraud.  Moreover, as the Court stated in its earlier Opinion and reiterates now, the applicable standard of review—whether there is substantial evidence to support the Secretary's decision—does not permit the Court to reverse the Secretary's decision simply because a state agency might have misinterpreted that decision.  To the extent that an error occurred in the state proceedings, this Court is not the

5

proper forum in which to seek a correction of that error.  In any event, the Court considered all of Plaintiff's arguments before rendering its original decision and Plaintiff has not cited any new law, facts, or arguments to warrant reconsideration of this issue.

In the February 27, 2007 Opinion, this Court found that there is substantial evidence to support the Secretary's decision.  Plaintiff has failed to demonstrate that the Court's finding suffers from a clear error of law or fact, or that it results in manifest injustice.  Nor has Plaintiff made any other showing that would warrant reconsideration of the Court's Opinion and Order. Plaintiff's Motion for Reconsideration, therefore, is denied.

## III.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration is hereby denied.  An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

DATED:  June 7, 2007